UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| WISCONSIN GLAZIERS & GLASS WORKERS MONEY PURCHASE PLAN, PAINTERS LOCAL 781 HEALTH FUND, WISCONSIN GLAZIERS & GLASS WORKERS APPRENTICESHIP FUND, JOE ALLEN, and WISCONSIN GLAZIERS & GLASS WORKERS LOCAL UNION 1204, | Case No. 15-cv-278-PP |

Plaintiffs,

v.

THE LURIE COMPANIES, INC.,

Defendant.

---

**ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT THE LURIE COMPANIES, INC. (DKT. NO. 11)**

---

The plaintiffs filed their complaint on March 12, 2015, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 *et seq.* Dkt. No. 1. Plaintiffs Wisconsin Glaziers & Glass Workers Money Purchase Plan, Wisconsin Glaziers & Glass Workers Apprenticeship Fund, and Painters Local 781 Health Fund ("plaintiff Plans") are employee benefit plans under ERISA, and bring suit on behalf of the trustees, participants and beneficiaries of those plans. Id. at 1. Plaintiff Allen is a trustee, fiduciary, participant and beneficiary of Painters Local 781 Health Fund. Id. Plaintiff Wisconsin Glaziers & Glass Workers Local Union 1204 is a labor organization under the Labor Management Relations Act ("LMRA"), 28 U.S.C. §158, *et seq.*, and sues on behalf of the trustees, participants and beneficiaries for whom it

1

collects administrative dues. Id. at 2. Defendant The Lurie Companies, Inc. ("the defendant") is an employer under ERISA and the LMRA.[1] Id. at 2.

The summons was served on the defendant on March 20, 2015. Dkt. No. 4. The defendant's answer was due April 10, 2015; the defendant did not answer the complaint. On April 16, 2015, the plaintiffs filed a request asking the clerk to enter default against the defendant, Dkt. No. 7, as well as a motion asking the court to enter default judgment against the defendant, Dkt. No. 11. They served the motion on the defendant on the same day. Dkt. No. 13. On April 17, 2015, the clerk entered default as to the defendant. The court held a hearing on the motion for entry of default judgment on October 8, 2015, and on November 5, 2015, the plaintiffs filed an amended affidavit in support of their damages and attorney's fees as to the defendant. Dkt. 23.

When reviewing a motion for default judgment, the court takes "the well-pleaded allegations of the complaint relating to liability . . . as true." Wis. Laborers Health Fund v. KCM Excavation & Landscaping, LLC, No. 13-C-1366, 2014 WL 1347489 at *1 (E.D. Wis. Apr. 3, 2014), quoting Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 253 (7th Cir. 1990). Allegations relating to the "amount of damages suffered," however, "ordinarily are not"

---

[1] The plaintiffs originally named Marc S. Lurie, the registered agent of The Lurie Companies, Inc., as a defendant. At the plaintiffs' request, the clerk entered default against Mr. Lurie on April 17, 2015. Dkt. No. 15. On November 5, 2015, pursuant to Fed. R. Civ. P. 41(a)(1)(i), the plaintiffs voluntarily dismissed without prejudice their claims against Mr. Lurie, because he had paid all of his delinquent payments. Dkt. Nos. 22, 24. As of the date of this order, The Lurie Companies, Inc. is the only remaining defendant. The plaintiffs pleaded counts two and three of their complaint only against Mr. Lurie, so the court dismisses without prejudice those counts of the complaint.

taken as true. Id. A default judgment establishes liability. Id., quoting United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir. 1989).

I.  **Liability**

The complaint alleges that the defendant participated in certain labor agreements and trust agreements which required it to, among other things:

* file reports and make contributions to the plaintiff Plans;
* deduct union dues from those employees who've authorized it and pay those dues to the union;
* abide by the rules of the employee benefit plans;
* abide by the actions of the trustees of those plans;
* pay liquidated damages and interest for delinquent contributions; and
* pay attorneys' fees and costs should legal action be necessary to collect delinquent contributions, interest and liquidated damages.

Dkt. No. 1 at ¶¶12-14. It alleges that the defendant failed to make the required contributions for covered employees and failed to accurately report employee work status. Id. at ¶15.

Count One of the complaint alleges that the plaintiff Plans made demands on the defendant to pay all of the contributions and other amounts due and owing, but the defendant has not done so. Accordingly, the complaint alleges that the defendant violated ERISA, and the plaintiffs demand judgment for the delinquent contributions, interest and liquidated damages from October 1, 2012 through September 30, 2014, from October 1 through the date of the

3

complaint, and from the date of the complaint through the date of judgment, as well as attorneys' fees and costs. Id. at ¶¶19-23.

Count Two alleges that the defendant has not timely paid dues on behalf of union members, and thus has violated the LMRA. The plaintiffs demand the unpaid dues, interest and liquidated damages from October 1, 2012 through September 30, 2014 (the audited period for which the plaintiffs' request damages in their motion for default judgment), from October 1, 2014 through the date of the complaint, and from the date of the complaint through the date of judgment, as well as attorneys' fees and costs. Id. at ¶¶24-25.

The court finds that the plaintiffs have alleged a *prima facie* case that the defendant, The Lurie Companies, Inc., violated ERISA (29 U.S.C. §1145) by failing to make the payments required by the collective bargaining and labor agreements on behalf of its covered employees. Thus, the court finds that the plaintiffs are entitled to the relief specified in 29 U.S.C. §1132(g)(2), which includes the amount of the unpaid contributions, interest on those unpaid contributions or liquidated damages, and reasonable attorneys' fees and costs. The plaintiffs also have stated a *prima facie* case that the defendant committed violations of the LMRA, and are entitled to relief under the provisions of 28 U.S.C. §158, *et seq.*

At the hearing on the plaintiffs' motion for default judgment, counsel for the plaintiffs informed the court that the plaintiffs had requested damages only for the audit period October 1, 2012 through September 30, 2014. Dkt. No. 22; see also Dkt. No. 23 at ¶2. Counsel also informed the court that, since the time

4

of the default, the defendants had paid the vast majority of the delinquent contributions. Dkt. No. 22. Following the hearing, the plaintiffs submitted an amended affidavit in support of their damages and attorneys' fees. Dkt. No. 23.

The affidavit states that, since the time of the default, the defendant paid contributions, leaving only the unpaid interest and liquidated damages due for the audit period October 1, 2012 through September 30, 2014. Dkt. No. 23 at ¶¶2-6. According to the plaintiffs' affidavit and supporting documentation, as of October 30, 2015, the defendant still owed a total of $6,100.68 in interest and liquidated damages for the audit period. Also, the affidavit states that as of October 30, 2015, the plaintiffs had incurred $765.00 of attorneys' fees and $445.20 of costs of prosecution. The plaintiffs' total damages, including attorneys' fees and costs, amount to $7,310.88.

Accordingly, the court **ORDERS** as follows:

1. Pursuant to Fed. R. Civ. P. 55(b)(2), the court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 11. As stated above, the court finds that a judgment of liability in favor of the plaintiffs and against the defendant is appropriate due to the defendant's failure to pay the contributions, interest, and liquidated damages, as required by the bargaining and trust agreements.

2. Because the court has made this finding of liability against the defendant, the court finds that the plaintiffs are entitled to recover the amount of the defendant's unpaid interest and liquidated damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2), in the total

5

amount of $7,310.88, together with interest thereon at the rate provided by law.

Dated in Milwaukee, Wisconsin this 7th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge